# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 13-544V
(E-Filed: November 20, 2013)

```
* * * * * * * * * * * * * *
TERRY L. KEGLER,                  *
                                  *        Special Master
             Petitioner,          *        Hamilton-Fieldman
                                  *
v.                                *        Dismissal Decision; Guillain-
                                  *        Barré Syndrome (GBS)
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
             Respondent.          *
* * * * * * * * * * * * * *
```

Thomas Gallagher, Somers Point, NJ, for Petitioner.
Ryan Pyles, Washington, DC, for Respondent.

## DISMISSAL DECISION[1]

On August 5, 2013, Petitioner filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program")[2] alleging that the

---

[1] Because this unpublished decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this order on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, "the entire" decision will be available to the public.  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"), Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (2006).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

influenza vaccination he received on October 18, 2011 significantly aggravated his preexisting Guillain-Barré syndrome ("GBS"). Petition, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On November 6, 2013, Petitioner filed a Motion for Judgment on the Record asserting that after reviewing the records there was no exacerbation of the preexisting GBS. Motion, ECF No. 11. On November 13, 2013, Respondent filed a response agreeing with Petitioner that the medical records[3] do not show that the October 18, 2011 influenza vaccine aggravated Petitioner's preexisting GBS. Response, ECF No. 12. Respondent requests that this claim be dismissed. *Id.*

To receive compensation under the Program, petitioner must prove either 1) that Petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that Petitioner suffered an injury that was actually caused by a vaccine. *See* §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury," or any other injury from the administration of the influenza vaccine on October 18, 2011. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.[4]**

**IT IS SO ORDERED.**

s/Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Petitioner notes that he submitted over 10,000 pages of medical records. Motion, ECF No. 11. Petitioner had the foresight to begin requesting these records as early as September 28, 2011, weeks before the vaccine was administered. *See* Pet'r's Ex. 4 at 1. Petitioner then waited almost two years, until August 5, 2013, before filing a claim, but he did not use those years to review the medical records. Only after filing a petition and going through the expense of submitting over 10,000 pages of medical records has Petitioner actually reviewed the medical records and admitted that the alleged injury did not actually occur. Petitioner will have a difficult time demonstrating that this claim was brought with the reasonable basis and good faith necessary to be compensated for attorneys' fees and costs under § 15(e)(1) of the Vaccine Act.

[4] To preserve any right Petitioners may have to file a civil action in another court, they must file an "Election to File a Civil Action," rejecting the judgment of this court, within 90 days of the date judgment was filed.